UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| THOMAS PEREZ, Secretary of Labor, United States Department of Labor, | ) ) ) | CASE NO. C12-1406RSM |
| Plaintiff, | ) ) ) | ORDER ON PENDING MOTIONS |
| v. | ) ) | |
| LANTERN LIGHT CORPORATION d/b/a Advanced Information Systems, a corporation; DIRECTV LLC, a limited liability company; and RAMON MARTINEZ, an individual, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## I.     INTRODUCTION

THIS MATTER came before the Court on a Show Cause Hearing held on September 5, 2014, during which Defendant DIRECTV was asked to show why sanctions should not be imposed for failing to attend in person a judicial settlement conference previously scheduled before Judge Jones.  (Dkt. #75).  At the same hearing, the Court considered multiple pending motions, including DIRECTV's Motion to Compel Discovery from Plaintiff (Dkt. #41), Plaintiff's Motion to Compel Discovery from DIRECTV (Dkt. #55), DIRECTV's Motion for Protective Order limiting the scope of a requested 30(b)(6) deposition (Dkt. #63), and DIRECTV's Motion for Protective Order regarding the deposition of one of its executives, David Baker (Dkt. #69).  The Court also heard arguments regarding a dispute between the

ORDER
PAGE - 1

parties, which had been raised by oral and letter communication to the Court during the week of August 12th, regarding the refusal to produce certain witnesses at depositions that were to have occurred during that week.  This Order memorializes any oral rulings made during the September 5th hearing and resolves all of the pending motions and requests before the Court.

## II.    SETTLEMENT CONFERENCE SANCTIONS

Having reviewed the parties' responses to the Court's Show Cause Order (Dkts. #76 and #77), and having considered the arguments of the parties on September 5th, the Court concludes that DIRECTV has not shown good cause for its failure to produce a representative with authority at the previously-scheduled settlement conference, and therefore finds that limited sanctions are warranted.  DIRECTV shall pay the airfare, meal and hotel costs of Plaintiff's counsel's travel to Seattle for the cancelled settlement conference, as well as Plaintiff's fees and costs for preparing its settlement brief for Judge Jones.

## III.    BACKGROUND RELEVANT TO PENDING MOTIONS

Plaintiff has brought this case on behalf of 82 current and former Satellite Installation Technicians employed by Defendant Lantern Light Corporation d/b/a Advanced Information Systems ("AIS"). Dkt. #31.   AIS installs and services satellite televisions for Defendant DIRECTV.  Dkt. #38 at ¶ 5.  Defendant DIRECTV is a business providing satellite television services.  Dkt. #32 at ¶ 5.  Defendant Ramon Martinez is the sole owner and President of AIS. Dkt. #38 at ¶ 5.

Plaintiff alleges that Defendants AIS, DIRECTV and  Ramon Martinez have violated the Fair Labor Standards Act ("FLSA") by repeatedly paying employees wages less than the federal minimum wage, by failing to pay employees who worked in excess of 40 hours per week at a rate of one-and-a-half times the regular rate at which they were employed, and by

ORDER
PAGE - 2

failing to keep and preserve accurate records of employees and the wages, hours and other conditions of employment maintained by them, since at least August 21, 2009.  Dkt. #31. Plaintiff asserts that AIS and Martinez are liable under the FLSA as employers of the aforementioned Satellite Installation Technicians.  Plaintiff further alleges that DIRECTV is a joint employer of AIS's employees and is therefore also liable under the FLSA.  *Id.*  Plaintiff seeks to recover unpaid minimum wage and overtime compensation and liquidated damages. *Id.*

Defendants deny the substantive allegations.  Dkts. #32 and #38.  DIRECTV has asserted as an affirmative defense that it is not a joint employer of the AIS employees.  Dkt. #32.  DIRECTV asserts that AIS hires and employs its own technicians, without input from DIRECTV.  *Id.*  DIRECTV further asserts that AIS alone sets their rates of pay, signs their checks, pays their wages, issues W-2s, and maintains their own personnel and payroll information.  *Id.* at p. 8.  This affirmative defense has given rise to the motions discussed below.

## IV.     DISCUSSION

### A.  DIRECTV's Motion to Compel Discovery (Dkt. #41)

DIRECTV has moved to compel the identity of persons with knowledge of the Plaintiff's allegations and the subject of such persons' knowledge.  Dkt. #41.  Specifically, DIRECTV would like the identities of the person's interviewed by the Department of Labor's Wage and Hour Investigator prior to the filing of the Secretary's Complaint, and those employees interviewed as potential witness after the filing of the Complaint, in order to ascertain whether any of those informants/witnesses are also on the list of 82 represented current or former employees of AIS, and to ascertain what information those

ORDER
PAGE - 3

informants/witnesses have that is relevant to this matter. *Id.* DIRECTV asserts that the identities of these people are necessary to defend the case, particularly because of the theory of liability on which the government proceeds against it – that of joint employer. DIRECTV argues this is an atypical FLSA case, and that it must obtain information related to the control of DIRECTV over AIS employees directly from the informants in order to adequately present a defense. *Id.*

The Secretary relies on the "informant privilege" in refusing to provide the identities of its informants/witnesses, arguing that protection under the privilege is necessary because disclosing the information sought would reveal the identities of individuals who have cooperated with a Department investigation and litigation, and witness identification would adversely affect those persons and might deter other persons from reporting violations to the Agency. Dkt. #46.

The Ninth Circuit Court of Appeals recently reviewed the informants' privilege, reversing this Court's order directing the Secretary of Labor to reveal the identities of its informants, along with the same type of identifying information sought in the instant matter. *Perez v. United States District Court, Tacoma*, 749 F.3d 849 (9th Cir. Apr. 18, 2014). The Court set forth the parameters of the privilege, which protects the identity of persons who furnish information of violations of law to officers charged with enforcement of that law from those who would have cause to resent the communication. The Court also noted that the privilege will give way only where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause. *Id.* at 856.

ORDER
PAGE - 4

Relevant to this determination is an examination of the theory of liability upon which the Secretary relies against DIRECTV. In this case, the Secretary has alleged liability against DIRECTV based on the theory that DIRECTV is a joint employer of the AIS installation technicians represented in this case. *Second Amended Complaint* at ¶ 5(c). There is no dispute that DIRECTV did not employ the technicians directly.

Under the FLSA, an employer is defined broadly as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). In circumstances in which a company has contracted for workers who are directly employed by an intermediary company, the Court uses the "economic reality" test to determine whether the two companies are joint employers. *Chao v. A-One Med. Servs.*, 346 F.3d 908 (9th Cir. 2003). Under such test, the Court will look at many factors, including whether the alleged employer:

(1) had the power to hire and fire the employees;

(2) supervised and controlled employee work schedules or conditions of employment;

(3) determined the rate and method of payment; and

(4) maintained employment records.

*Torres-Lopez v. May*, 111 F.3d 633, 639 (9th Cir. 1997) (citing to *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)). However, courts have repeatedly noted that this is not an exhaustive list of factors, and that a court should consider all those factors which are "relevant to [the] particular situation" in evaluating the "economic reality" of an alleged joint employment relationship under the FLSA. *Id.*

Understanding the test for joint employers under the FLSA is determinative of the instant motion to compel because DIRECTV bases its motion on the sole argument that the information it seeks is essential to its defense under the joint employer theory. Dkt. #41 at 5-9.

ORDER
PAGE - 5

During oral argument, DIRECTV provided examples of the type of information it would seek from the informants, including the frequency of interaction between the AIS technicians and the DIRECTV staff, the experiences of AIS technicians in the field, who the AIS technicians called when issues arose, how frequently they called, and what direction they received from DIRECTV.  DIRECTV asserts that such information goes to the control elements of the joint employer defense.  While the Court agrees that such information is relevant to the control question, it is not persuaded that DIRECTV has shown that it cannot obtain such information from less obtrusive sources, and therefore has a substantial need for the informants' identities.

The Secretary has provided the identities of two of its informants, along with their unredacted statements, whom DIRECTV is free to depose.  More importantly, DIRECTV should have access to evidence (if it exists) sufficient to rebut any contention that it had the power to hire and fire employees; that it supervised and controlled employee work schedules or conditions of employment, that it determined the rate and method of payment, or that it maintained employment or other records of AIS employees.  Certainly, DIRECTV may also depose any of the 82 identified former or current employees in Exhibit A to the complaint to supplement its own evidence.  Further, DIRECTV has not explained why it cannot obtain "control" information directly from AIS.  Without more, DIRECTV has simply not provided a persuasive argument that the identity and information related to the informants is so essential to overcome the privilege, and the motion to compel is DENIED.

**B.  Plaintiff's Motion to Compel Discovery from DIRECTV (Dkt. #55)**

As an initial matter, the Secretary has asserted, and DIRECTV does not dispute, that DIRECTV failed to respond to requests for meet and confer prior to the filing of this motion.  *See* Dkts. #55 and #57.  Ultimately, after the filing of Plaintiff's motion, DIRECTV agreed to

ORDER
PAGE - 6

supplement a number of discovery responses and the Secretary withdrew some of its requests for supplemental responses.   Dkt. #57 at 1-2.   This was both inefficient and a waste of resources.   Accordingly, the Court cautions the parties that failing to engage in good faith meet and confers prior to the filing of discovery motions in this matter in the future may result in monetary sanctions.   The Court now turns to the discovery at issue on this motion.

1.   *Interrogatory No. 1 and RFP No. 3*

Interrogatory No. 1 seeks information regarding the compensation DIRECTV paid to AIS and RFP No. 3 seeks documents related to that compensation.   While DIRECTV objects that this information is not relevant to the joint employer theory of liability, the Secretary's assertions that the information is relevant under the economic realities test is persuasive, as the Court discusses in further detail below.   Accordingly, DIRECTV shall provide a full and complete answer to these requests, subject to the entry of a protective order.

2.   *Interrogatory No. 3 and RFP No. 4*

Interrogatory No. 3 seeks information regarding other companies or individuals that perform services for DIRECTV similar to the services performed by AIS and its installers and RFP No. 4 seeks documents detailing the agreements with those businesses.   The Secretary is not persuasive that this information is reasonably calculated to lead to evidence on DIRECTV's status as a joint employer of AIS installers.   Accordingly, DIRECTV is not required to provide any further response to these requests.

3.   *Interrogatory Nos. 2, 7 and 9*

In response to Interrogatory Nos. 2, 7 and 9, DIRECTV referenced specific documents by Bates Stamp number containing responsive information, as allowed under FRCP 33(d).   The Secretary does not assert that such documents are unresponsive.   Rather, the Secretary appears

to complain that DIRECTV should not have cross-referenced the documents.  Such argument is not persuasive.  Accordingly, DIRECTV is not required to provide any further response to these requests.

### 4. *Interrogatory No. 14*

Interrogatory No. 14 seeks information about the input that DIRECTV has in the work performed by AIS's cable installers, including the identity of any person or documents related to such input.  Rather than substantively respond, DIRECTV directed the Secretary to certain service provider agreements produced in initial disclosures.  Reference to such contracts is not a sufficient response.  Accordingly, DIRECTV is directed to provide a full and complete response to these requests, describing any "input" provided by DIRECTV to AIS installers in the performance of their work, as well as the identity of any persons providing such input or the identification of documents with information about input.

### 5. *RFP Nos. 12 and 14*

RFP No. 12 seeks the production of manuals, handbooks or other written guidelines applying to AIS installers, including those that applied to installers that serviced DIRECTV customers but who were not employed by AIS.  After preserving several objections, DIRECTV responded that it does not prepare manuals, handbooks or written guidelines for AIS installers.  It also referenced service agreements produced with its Initial Disclosures which contain guidelines applicable to all of its installers.  This response appears to be complete.

RFP No. 14 seeks all documents discussing policies, procedures, or practices involving AIS installers, including emails about the creation of such policies, procedures or practices.  Interestingly, DIRECTV does not object as to the breadth, relevancy or existence of these documents.  Instead, it objects that the terms are vague and ambiguous and then references

ORDER
PAGE - 8

certain service provider agreements produced in its Initial Disclosures.   Reference to such contracts is not a sufficient response.   Accordingly, DIRECTV is directed to provide a full and complete response to this request.

### C.  DIRECTV's Motion for Protective Order – 30(b)(6) Deposition (Dkt. #63)

DIRECTV seeks a protective order to limit the scope of the 30(b)(6) deposition noticed by the Secretary.  Dkt. #63.  Specifically, DIRECTV seeks an order limiting Topic 1(a), which seeks compensation-related information and documents identical to the information and documents sought under Interrogatory No. 1 and RFP No. 3, as discussed above.   DIRECTV argues that it should not be required to provide information about the method by which it compensates AIS or calculates compensation provided to AIS, as such information is irrelevant and protected as proprietary business information.  *Id.*

As discussed above, a Court should consider all those factors which are relevant to the particular situation in evaluating the economic reality of an alleged joint employment relationship under the FLSA.  A review of cases analyzing potential joint employers, reveals that the method of payment between potential joint employers is often relevant to the analysis – *see*, *e.g.*, *Bonnette*, *supra* (examining the method of payment between the counties, the chore workers and the recipients of the services); *Moreau v. Air France*, 356 F.3d 942 (9th Cir. 2003) (examining the method of payments between Air France and Dynair); *Montoya v. 3PD, Inc.*, 2014 U.S. Dist. LEXIS 93806 (D. Ariz. June 9, 2014) (examining contracts between Home Depot and Big Dog Trucking and discussing methods of reimbursement governed by such contracts).  Thus, the inquiry into the methods of payment between DIRECTV and AIS could lead to admissible evidence in the instant matter.  Accordingly, the Court will not limit that portion of the 30(b)(6) subpoena regarding methods of payment to AIS – Topic 1(a).

ORDER
PAGE - 9

However, it is not unreasonable to require an order protecting those documents and/or information which could reveal proprietary information. Accordingly, the parties are directed to meet and confer regarding the scope of such protective order and re-submit a Proposed Protective Order for the Court's consideration.

The Secretary has also asked this Court to stay all deadlines and further proceedings in this matter until the requested discovery has been produced, and has asked for sanctions in the form of fees and costs for its motion to compel (Dkt. #55 above) and for its response to DIRECTV's motion for protective order. The Court will not impose sanctions in this matter given that DIRECTV has some valid objections to the discovery requested of it by the Secretary.

With respect to a stay of all deadlines and proceedings, the parties are directed to meet and confer regarding a proposed new trial date and pre-trial deadlines, given the Court's rulings in this Order, and shall submit a JSR with proposed new deadlines to the Court for its consideration.

**D. DIRECTV'S Motion for Protective Order – Deposition of David Baker (Dkt. # 69)**

On July 18, 2014, the Secretary noticed the deposition of DIRECTV executive, David Baker. Dkt. #69. The Secretary seeks to depose Mr. Baker because he signed the service contract between DIRECTV and AIS, and because they believe that he, as DIRECTV's Senior Vice President of Field Services, has information on topics such as the process of entering into such contracts, executing agreements, selecting service providers, negotiation over contract terms, and relates issues. *Id.* The Secretary noticed the deposition for half a day in Denver, where Mr. Baker resides.

DIRECTV has moved for a protective order seeking to prevent the deposition of one of its executives, David Baker, arguing that he is a high level executive with no unique, non-repetitive, firsthand knowledge of the facts at issue in this case, and therefore the deposition would only serve to cause undue burden, expense, harassment and annoyance to DIRECTV. *Id.* Mr. Baker has asserted in a supporting declaration that he signs provider agreements as a matter of form, and does not negotiate the agreements or manage the relationships with the contractors. Dkt. #70.

Be that as it may, Mr. Baker did in fact sign the agreements, and does not deny that he has the general information that the Secretary seeks. *See* Dkt. #70. While he does deny recollection of specific information regarding the contract signings for AIS and its predecessor, that is not enough to avoid a deposition. *Id.* The Secretary has sought an unintrusive, uncumbersome deposition at a location convenient to him. DIRECTV fails to make a persuasive argument that Mr. Baker's knowledge is repetitive of other witnesses or not unique. Accordingly, the motion for protective order is DENIED.

**E. Deposition Dispute By Way of Letters to Court on 8/12/14**

The Secretary seeks various sanctions for DIRECTV's "unilateral" refusal to produce witnesses for previously-noted depositions during the week of August 12th. A review of the letters to the Court submitted by the parties, reveals that both parties are essentially embroiled in a "first to depose" battle. DIRECTV had initially noted the Wage and Hour Investigator's deposition for the end of July, also requesting that she bring several categories of documents with her, prior to being asked for dates for the witnesses who were subsequently noted for August 13th and August 21st. After the Secretary sought to reschedule the deposition of the investigator because she could not bring the requested documents by the date of her deposition,

ORDER
PAGE - 11

the Secretary then noted up the depositions of its requested witnesses from DIRECTV prior to the date that it would produce the investigator. DIRECTV sought to reschedule its witnesses after it received the requested documents from the investigator. The Secretary refused to reschedule those witnesses, and DIRECTV responded that the witnesses simply would not be produced. The Secretary then contacted the Court for relief.

While both parties appear to be engaged in "tit for tat" discovery tactics, and the more appropriate approach from DIRECTV and Plaintiff would have been to seek protective orders or orders compelling attendance from the Court long before the settlement conference was cancelled, the Secretary's requests for sanctions related to the depositions are DENIED. The parties are directed to meet and confer as to the re-scheduling of all the pending witnesses in light of the rulings in this Order.

## V.    CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) DIRECTV has not shown good cause for its failure to produce a representative with settlement authority at the previously-scheduled settlement conference, and the Court will impose limited sanctions. DIRECTV SHALL PAY to Plaintiff the airfare, meal and hotel costs of Plaintiff's counsel's travel to Seattle, along with the fees and costs to prepare Plaintiff's settlement brief for Judge Jones.

2) DIRECTV's Motion to Compel Discovery (Dkt. #41) is DENIED.

3) Plaintiff's Motion to Compel Discovery from DIRECTV (Dkt. #55) is GRANTED IN PART AND DENIED IN PART as set forth above in this Order.

4) DIRECTV's Motion for Protective Order to limit a 30(b)(6) deposition (Dkt. #63) is DENIED IN PART AND GRANTED IN PART.

5) The parties SHALL MEET AND CONFER regarding the scope of a proposed Protective Order and shall submit a joint proposed Protective Order to the Court for approval.

ORDER
PAGE - 12

6) The parties SHALL MEET AND CONFER regarding a proposed new trial date and related pre-trial deadlines and shall submit a Joint Status Report with such proposed dates to the Court for its consideration.

7) DIRECTV's Motion for Protective Order for the deposition of David Baker (Dkt. #69) is DENIED.

8) Plaintiff's request for sanctions for DIRECTV's refusal to produce certain witnesses at depositions previously-scheduled during the week of August 12th, which was brought before the Court by way of oral and letter communication with the Court, is DENIED.

9) The parties SHALL MEET AND CONFER as to the rescheduling of all pending depositions in light of the rulings in this Order.

DATED this 8 day of September, 2014.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 13