THE HONORABLE RICARDO S. MARTINEZ

# U.S. DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,

    Plaintiff,

vs.

LANTERN LIGHT CORPORATION, d/b/a ADVANCED INFORMATION SYSTEMS, a corporation; DIRECTV LLC, a limited liability company; and RAMON MARTINEZ, an individual,

    Defendants.

NO. 2:12-CV-01406-RSM

**INTERVENOR'S MOTION TO UNSEAL SUMMARY JUDGMENT EXHIBITS**

**Note on Motion Calendar: April 21, 2017**

**ORAL ARGUMENT REQUESTED**

INTERVENOR'S MOTION TO UNSEAL SUMMARY JUDGMENT EXHIBITS
CASE NO. 2:12-CV-01406-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ...........................................................................................................1

II. STATEMENT OF FACTS ............................................................................................2

III. ARGUMENT AND AUTHORITY ...............................................................................5

    A.    The Summary Judgment Exhibits Were Sealed In Violation Of The
Public's Common Law And First Amendment Rights Of Access .......................5

        1.    Both The Common Law And The First Amendment Create A
Presumptive Public Right Of Access To Court Records ..........................5

        2.    The "Compelling Reasons" Standard Applies With Full Force
To The Sealed Documents At Issue, Notwithstanding The
Protective Order........................................................................................6

        3.    DirecTV Never Articulated Any Compelling Reasons To
Justify Sealing The Records In This Case ................................................8

    B.    The Documents Should Be Unsealed Without Delay .........................................10

IV. CONCLUSION ............................................................................................................11

INTERVENOR'S MOTION TO UNSEAL SUMMARY
JUDGMENT EXHIBITS - i
CASE NO. 2:12-CV-01406-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

**Page No.**

**FEDERAL CASES**

*Brown & Williamson Tobacco Corp. v. FTC*,
   710 F.2d 1165 (6th Cir.1983) ..................................................................................5

*Center for Auto Safety v. Chrysler Grp.*,
   809 F.3d 1092 (9th Cir. 2016) ..................................................................................9

*Courthouse News Serv. v. Planet*,
   750 F.3d 776 (9th Cir. 2014) ....................................................................1, 6, 10, 11

*E.E.O.C. v. Erection Co., Inc.*,
   900 F.2d 168 (9th Cir. 1990) ....................................................................................5

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
   331 F.3d 1122 (9th Cir. 2003) .........................................................................*Passim*

*FTC v. Standard Fin. Mgmt. Corp.*,
   830 F.2d 404 (1st Cir.1987) .....................................................................................5

*Lugosch v. Pyramid Co. of Onondaga*,
   435 F.3d 110 (2d Cir. 2006) ...................................................................................10

*Nixon v. Warner Commc'ns, Inc.*,
   435 U.S. 589 (1978) ............................................................................................1, 5

*Perry v. Brown*,
   667 F.3d 1078 (9th Cir. 2012) ...............................................................................6, 9

*San Jose Mercury News v. U.S. Dis. Court-N. Dist. (San Jose)*,
   187 F.3d 1096 (9th Cir. 1999) ...............................................................................6, 8

*United States v. Bus. of Custer Battlefield Museum & Store*,
   658 F.3d 1188 (9th Cir. 2011) ..................................................................................1

*Wood v. Ryan*,
   759 F.3d 1076 (9th Cir. 2014) ..................................................................................6

*Yountville Inv'rs, LLC v. Bank of AM., N.A.*,
   No. C-08-425RSM, 2009 WL 411089 (W.D. Wash. Feb. 17, 2009) ........................8

INTERVENOR'S MOTION TO UNSEAL SUMMARY
JUDGMENT EXHIBITS - ii
CASE NO. 2:12-CV-01406-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

This motion to unseal is filed on behalf of the the Washington Wage Claim Project ("WWCP"), a public interest organization dedicated to representing low-wage workers who have suffered wage and hour violations. The WWCP seeks public access to court records that were sealed in violation of the public's presumptive right of access to court records—a right protected by both the common law and the First Amendment. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Courthouse News Serv. v. Planet*, 750 F.3d 776, 787-78 (9th Cir. 2014); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). As set forth in the accompanying Motion to Intervene, the WWCP reviewed the record in this case and believes there is a strong public interest in exposing the sealed exhibits to the light of day.

It is well established that summary judgment pleadings are presumptively open to the public. See *United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1194-95 (9th Cir. 2011); *Kamakana*, 447 F.3d at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The fact that these pleadings contain exhibits that were marked confidential pursuant to a validly issued protective order is immaterial; where, as here, confidential discovery materials are filed under seal as attachments to a summary judgment motion, they "no longer enjoy protected status 'without some overriding interest in favor of keeping the discovery of documents under seal.'" *Foltz*, 331 F.3d at 1135-36 (quoting *Rushford v. The New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988)). Consequently, such pleadings may be sealed only where a party articulates a "compelling reason" for doing so, *Kamakana*, 447 F.3d at 1178, *and* where a court makes particularized findings that the party's need for secrecy outweighs the public's presumptive right of access. *Id.* at 1179.

In this case, it appears that court records were placed under seal without any showing of a compelling need for secrecy or any particularized findings by this Court. The record includes numerous sealed exhibits to the parties' cross motions for summary judgment, over 20 of which were directly relied on in this Court's ruling of May 29, 2015. *See* Dkts. # 116 -120, 130, 131,

INTERVENOR'S MOTION TO UNSEAL SUMMARY
JUDGMENT EXHIBITS - 1
CASE NO. 2:12-CV-01406-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

143, 144, 147, and 148. *See also* Declaration of Beth Terrell ("Terrell Decl."), Ex. 1. Yet, so far as the record reveals, DirecTV never articulated any compelling reason for sealing exhibits to the parties' summary judgment motions. Nor did this Court make any particularized findings that DirecTV's need for secrecy outweighed the public's presumptive right of access. That was error. Unless the requisite showing and findings are made, the records should be unsealed.

## II. STATEMENT OF FACTS

This case was brought by Thomas Perez, the Secretary of the United States Department of Labor ("the Department"), on behalf of 82 installers formerly employed by Lantern Light Corporation d/b/a Advanced Information Systems ("AIS"). *See* Dkt. # 158 at 1-2. In 2011, AIS contracted to provide satellite installation and upgrade services exclusively for DirecTV. *Id.* The Department filed suit, alleging AIS and DirecTV violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by paying less than the federal minimum wage, failing to pay employees who worked in excess of 40 hours per week at a rate of one-and-a-half times the regular rate at which they were employed, and failing to keep and preserve accurate records of employees and the wages, hours and other conditions of employment maintained by them. *Id.* DirecTV's liability to AIS's installers was entirely dependent on whether or not DirecTV's control over them was so pervasive as to render AIS a mere labor contractor for DirecTV, the de facto employer—and therefore, liable as a joint employer under the FLSA for wages owed. *See id.*

DirecTV fought discovery on the "joint-employer" issue, arguing that it was entitled to a protective order to prevent disclosure of the details of its relationship with AIS, including the manner in which it paid AIS's workers. *See* Dkt. # 80 at 9-10. Over the Department's objection, this Court granted DirecTV's motion for a protective order. *Id*. at 10. This Court agreed with the Department that the "method of payment between potential joint employers is often relevant to the [FLSA] analysis . . . " (citing, *inter alia, Bonnette v. California Health and*

INTERVENOR'S MOTION TO UNSEAL SUMMARY
JUDGMENT EXHIBITS - 2
CASE NO. 2:12-CV-01406-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1 *Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)), and "[t]hus, the inquiry into the methods of payments between DIRECTV and AIS could lead to admissible evidence in this matter." *Id.* at 9. But this Court also found "it is not unreasonable to require an order protecting those documents and/or information which could reveal proprietary information. Accordingly, the parties are directed to meet and confer regarding the scope of such protective order and resubmit a proposed protective order for the court's consideration." *Id.* at 10.

**The Protective Order.** Two months later, the parties submitted a "Stipulated Protective Order." Dkt. # 86. The protective order defines "proprietary material" as information that "(i) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." *Id.* at ¶2. Included within its scope are copies, extracts, and summaries such information or communications that reveal proprietary material. *Id.*

By its terms, the protective order "does *not* presumptively entitle parties to file confidential information under seal." *See id.* at ¶1 (emphasis added). Paragraph 6 of the protective order provides that "any party or nonparty may challenge a designation of confidentiality at any time." *Id.* at ¶6. It further provides: "Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designations by electing not to mount a challenge promptly after the original designation is disclosed." *Id.*

**The Joint Stipulated Motion to Seal Exhibits**. Four months after entry of the Stipulated Protective Order, the parties filed a two-page stipulated motion to seal summary judgment exhibits. Dkt. # 115. Aside from citing to the stipulated protective order, the motion contains only the following statement in support of the request for a sealing order:

INTERVENOR'S MOTION TO UNSEAL SUMMARY
JUDGMENT EXHIBITS - 3
CASE NO. 2:12-CV-01406-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

> DirecTV states that the documents it has produced in discovery, including but not limited to DIRECTV's pricing information and matrices containing performance metrics and other compilations of data pertaining to the manner in which DIRECTV measures productivity and customer satisfaction, are proprietary because the information contained therein derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use. In order to abide by the terms of the Protective Order the Secretary and Martinez also request the sealing of the exhibits.

*Id* at 2. No showing was made of a compelling need for secrecy, or that the parties had explored redactions or other alternatives to filing under seal.

**The Order Granting Stipulated Motion to Seal Exhibits**. Six days later, this Court granted the joint stipulated motion to seal, citing the parties' stipulated protective order. Dkt. # 133. This Court made no findings as to whether DirecTV's need for secrecy, if any, rose to the level of a "compelling reason" that outweighed the public interest in these court records. This Court also made no findings as to whether a lesser remedy, such as narrowly-tailored redactions, would adequately protect DirecTV's interests.

**The Cross Motions for Summary Judgment.** The Department moved for partial summary judgment on the joint employer issue in March 2015. Dkt. # 121. DirecTV cross moved for summary judgment. Dkt. # 126. Of the attached exhibits, 21 were sealed pursuant to this Court's March 15, 2015 order. Dkts. # 116 -120, 130, 131, 143, 144, 147, and 148.[1] *See also* Terrell Decl., Ex. 1. Despite being sealed, many exhibits were quoted directly and at length by the Department in its briefing. Several exhibits were sealed despite the fact that identical or substantially identical documents from DirecTV are publically available elsewhere in the record or accessible online.[2]

---

[1] The exhibits sealed at Dkts. # 130 and 131 appear identical to those sealed at Dkts. # 147 and 148.

[2] For example, Exhibit B (contract between DirecTV and AIS) is entirely sealed; Exhibit II (contract between DirecTV and a California service provider, which the Department alleges is substantially identical to the contract between DirecTV and AIS) is entirely unsealed. *See* Terrell Decl., Ex. 2. Similarly, Exhibit M (DirecTV's Installer Manual) is entirely sealed; the 2011 version of the same manual is available in its entirety online. *See* Terrell Decl., Ex. 3.

INTERVENOR'S MOTION TO UNSEAL SUMMARY
JUDGMENT EXHIBITS - 4
CASE NO. 2:12-CV-01406-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1      **<u>The Court's Order on Cross Motions for Summary Judgment.</u>** Ultimately, this Court found DirecTV was a joint employer for the purposes of the claims in this case. Dkt. # 158. In so holding, this Court relied extensively and frequently on the exhibits to the parties' cross-motions for summary judgment. *Id.* Of those exhibits, 21 were and remain sealed.

### III. ARGUMENT AND AUTHORITY

**A.   The Summary Judgment Exhibits Were Sealed In Violation Of The Public's Common Law And First Amendment Rights Of Access.**

    1.   <u>Both The Common Law And The First Amendment Create A Presumptive Public Right Of Access To Court Records.</u>

Both the Supreme Court and Ninth Circuit recognize a common law right of the public "to inspect and copy public records and documents, including judicial records and documents." *Nixon*, 435 U.S. at 597 & n.7; *Kamakana*, 447 F.3d at 1178. Unless a document is of the type "traditionally kept secret"—such as a grand jury transcript or a pre-indictment warrant—there is "a strong presumption in favor of access" to court records. *Kamakana*, 447 F.3d at 1178 (internal quotation marks omitted). This presumption can be overcome only if the party seeking to seal the record "'articulate[s] compelling reasons supported by specific factual findings' that outweigh the general history of access and the public policies favoring disclosure." *Id.* (quoting *Foltz*, 331 F.3d at 1135).

This common-law right of access has been recognized as especially important in cases where the government is a party. *See, e.g., E.E.O.C. v. Erection Co., Inc.*, 900 F.2d 168, 170 (9th Cir. 1990) (reversing district court order sealing government consent decree). *See also FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir.1987) ("The appropriateness of making court files accessible is accentuated in cases where the government is a party: in such circumstances, the public's right to know what the executive branch is about coalesces with the concomitant right of citizenry to appraise the judicial branch."); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–79 (6th Cir.1983) (noting that civil cases frequently involve issues crucial to the public such as discrimination claims, and the remedies and

INTERVENOR'S MOTION TO UNSEAL SUMMARY
JUDGMENT EXHIBITS - 5
CASE NO. 2:12-CV-01406-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

penalties "imposed by the court will be more readily accepted, or corrected if erroneous, if the public has an opportunity to review the facts presented to the court.").

In addition to this common law right of access, the First Amendment protects the public's right of access to the court records in this case. The Ninth Circuit recently joined several other courts of appeals in holding that the First Amendment right of access to court records applies to civil as well as criminal proceedings. *See Courthouse News Serv. v. Planet*, 750 F.3d 776, 786-78 (9th Cir. 2014) (citing cases from other circuits); *Wood v. Ryan*, 759 F.3d 1076, 1081-82 (9th Cir. 2014), *vacated on other grounds*, 135 S. Ct. 21(2014) ("[W]e recently acknowledged the First Amendment right of access to civil proceedings and associated records and documents." (internal quotation marks omitted)). The First Amendment standard is even more demanding than that under the common law right of access. A party seeking to seal documents must demonstrate not only a "compelling interest" in sealing, but also a "high probability" that this interest would be harmed if the documents were disclosed and that "there are no alternatives to closure that would adequately protect the compelling interest." *Perry v. Brown*, 667 F.3d 1078, 1088 (9th Cir. 2012) (internal quotation marks omitted).

    2.    <u>The "Compelling Reasons" Standard Applies With Full Force To The Sealed Documents At Issue, Notwithstanding The Protective Order.</u>

There is no question that the foregoing standards apply to the summary judgment exhibits sealed in this case. It has long been the law in this Circuit—and elsewhere—that the public's right of access to court records applies with full force "to materials submitted in connection with motion for summary judgment in civil cases[.]" *San Jose Mercury News v. U.S. Dis. Court-N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999). *See also Foltz*, 331 F.3d at 1136 (applying right of access to attachments to summary judgment pleadings produced in discovery in reliance on stipulated umbrella protective order).

The Ninth Circuit's decision in *Kamakana* is directly on point. There, a newspaper moved to intervene for the limited purpose of modifying a protective order and unsealing

INTERVENOR'S MOTION TO UNSEAL SUMMARY
JUDGMENT EXHIBITS - 6
CASE NO. 2:12-CV-01406-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

summary judgment pleadings. 447 F.3d at 1176. After conducting an in camera review, the magistrate judge ordered the records unsealed.

The Ninth Circuit affirmed. The Court began by reaffirming "that the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Id.* at 1179. "[T]his principle of disclosure," the Court explained, is animated by the understanding that "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public understanding of the judicial process and have significant public events.'" *Id.* (citation omitted). "Thus," the Ninth Circuit concluded, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion." *Id.*

This is true, moreover, "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* Relying on *Foltz*, the *Kamakana* Court explained that a showing of "good cause" to seal documents during discovery "will not, without more, satisfy a 'compelling reasons' test." *Id.* at 1180. The Court reasoned that private materials unearthed during discovery implicate only the private interests of individuals, whereas "judicial records are public documents almost by definition, and the public is entitled to access by default[, which] sharply tips the balance in favor of production when a document, formerly sealed for good cause under Rule 26(c), becomes part of the judicial record." *Id.* (internal citations omitted).

*Foltz*, on which *Kamakana* relied, is also instructive. There, following settlement of a fraud action against State Farm Insurance Company, a public interest group sought public access to sealed summary judgment pleadings. State Farm objected on the ground that it had produced the sealed documents in reliance on a pretrial protective order. *Foltz*, 331 F.3d at 1137. The Ninth Circuit rejected this argument, holding that "[b]ecause State Farm obtained the blanket protective order without making a particularized showing of good cause with respect to any individual document, it could not reasonably rely on the order to hold these

INTERVENOR'S MOTION TO UNSEAL SUMMARY
JUDGMENT EXHIBITS - 7
CASE NO. 2:12-CV-01406-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

records under seal forever." *Id.* at 1138. *Foltz* concluded that the district court "must remove the seal . . . unless it can find sufficiently compelling reasons for maintaining a seal over particular documents." *Id.*

    3. <u>DirecTV Never Articulated Any Compelling Reasons To Justify Sealing The Records In This Case.</u>

There is no indication that DirecTV ever demonstrated–or that this Court ever found–"compelling reasons supported by specific factual findings," for sealing the summary judgment exhibits in this case as required in the Ninth Circuit. *See Kamakana*, 447 F.3d at 1178. The sole basis for sealing the records was that they allegedly contained information designated proprietary pursuant to the parties' stipulated protective order. But the mere existence of a stipulated pretrial protective order is insufficient to justify sealing court records. *See, e.g., id.* at 1180 ("[a] 'good cause' showing will not, without more, satisfy a 'compelling reasons' test."); *San Jose Mercury News*, 187 F.3d at 1102 (noting that "blanket [protective] orders are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document."). *See also Yountville Inv'rs, LLC v. Bank of AM., N.A.*, No. C-08-425RSM, 2009 WL 411089, at *1 (W.D. Wash. Feb. 17, 2009) ("The Court will not grant broad authority to file documents under seal simply because the parties have designated them as confidential in the course of discovery.").

But even if a stipulated protective order could justify the sealing of court records, this protective order, by its own terms, could not. The order expressly stated that it "does *not* presumptively entitle parties to file confidential information under seal." Dkt. # 86 at 1 (emphasis added). Despite this provision, the parties' Joint Stipulated Motion to Seal merely recited the fact that the summary judgment exhibits contained material designated confidential pursuant to the protective order as the principal justification for the wholesale sealing of the records. *See* Dkt. # 115.

INTERVENOR'S MOTION TO UNSEAL SUMMARY
JUDGMENT EXHIBITS - 8
CASE NO. 2:12-CV-01406-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

The only other proffered justification for the sealing order was that the exhibits contain "pricing information," "matrices," and "other compilations of data" pertaining to how DirecTV "measures productivity and customer satisfaction." Dkt. # 115 at 2. This information, claimed DirecTV, is "propriety" because it "derives independent economic value" from "not being generally known to. . . other persons who can obtain economic value from its disclosure or use." *Id.* Contrary to DirecTV's assertion, such vague allegations fail to justify a discovery protective order, much less sealing court records. As the Ninth Circuit held in *Foltz*, even under the relatively lenient "good cause" standard applicable to discovery materials, "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." 331 F.3d at 1130 (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). Plainly, such allegations fall well short of what is required for the sealing of summary judgment pleadings. *See Center for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1096-97 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 38 (2016) (quoting *Kamakana*, 447 F.3d at 1179) ("[A] court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." (emphasis added)).[3]

Further, even if DirecTV had demonstrated compelling reasons for some level of secrecy (it did not), the parties made no effort to explain why redaction of the documents could not protect DirecTV's proprietary interests while at the same time allowing the public some level of access to the documents in question. The First Amendment prohibits the sealing of court records unless it is shown that "there are no alternatives to closure that would adequately protect the compelling interest." *Perry*, 667 F.3d at 1088 (internal quotation marks omitted). *See also Foltz*, 331 F.3d at 1137 ("[w]e do not see how the presence of a small number of

---

[3] Although a discovery protective order could never, standing alone, justify the sealing of court records, it is worth noting that many of the sealed exhibits do not even appear to fall within the scope of the parties' protective order, because they do not meet the definition of "proprietary" or trade secret information. For example, many exhibits relate to installer scheduling and leave issues; the information in other exhibits—or substantively identical information—is publically available online and elsewhere in the record. *See* Terrell Decl., Ex. 1-3.

INTERVENOR'S MOTION TO UNSEAL SUMMARY
JUDGMENT EXHIBITS - 9
CASE NO. 2:12-CV-01406-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

third-party medical and personnel records that can be redacted with minimum effort constitutes 'good-cause,' let alone a compelling reason, for this protective order to overcome the strong presumption in favor of public access."). In keeping with this standard, Local Rule 5(g)(3)(A) obligates parties moving to seal documents with this court to certify that they "explore[d] redaction and other alternatives to filing under seal." Yet it appears that no such effort was made in this case.[4] This fact, too, renders the sealing of the summary judgment exhibits fatally flawed.

In sum, neither the law nor the parties' protective order permit sealing these summary judgment exhibits. Not only was there no showing of a compelling need for secrecy, but there were no findings to justify the sealing order. *See Kamakana*, 447 F.3d at 1182 ("[w]hen *sealing* documents attached to a dispositive pleading, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.") (emphasis in original; internal citation and quote omitted).

**B.     The Documents Should Be Unsealed Without Delay.**

Several courts have "emphasize[d]" that "where a right of access is found," access should be granted "immediate[ly]." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006) (collecting cases). Because court records are public by default, the sealed filings should be unsealed as soon as this Court determines that there is no valid basis for keeping them secret. The Court "need not document compelling reasons to unseal; rather the proponent of sealing bears the burden [to demonstrate that sealing is proper]. A failure to meet that burden means that the default posture of public access prevails." *Kamakana*, 447 F.3d at 1181-82.

Delay in permitting access to court records impairs not only the right of access itself, but also the right of free speech. In *Courthouse News*, a news organization challenged a court's

---

[4] Because many sealed exhibits were quoted directly and at length in the Department's summary judgment motion, narrowly-tailored redaction would seem sufficient to protect the information (if any) for which there was a compelling reason for secrecy. *See* Dkt. # 121; Terrell Decl., Ex. 1.

INTERVENOR'S MOTION TO UNSEAL SUMMARY
JUDGMENT EXHIBITS - 10
CASE NO. 2:12-CV-01406-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

refusal to give the organization same-day access to civil complaints. 750 F.3d at 789. The district court abstained and dismissed the lawsuit because of pending state court litigation about a state law that also provided a right of access to court records. *See id.* The Ninth Circuit held that abstention was improper because it would delay adjudication of the organization's right to access court records. *See id* at 793. The court explained that delay could "harm[] [the organization's] free speech interests" by "prevent[ing] it from engaging in protected activity"– in that case, reporting on new lawsuits. *Id.* at 788.

## IV. CONCLUSION

For the foregoing reasons, movant the Washington Wage Claim Project requests that all the sealed documents in this case be immediately unsealed and made available to the public unless (a) the parties can demonstrate compelling reasons for secrecy that outweigh the public's presumptive right of access to court records; and (b) the Court finds that there are no alternatives to closure that would adequately protect the parties' compelling interest in secrecy.

RESPECTFULLY SUBMITTED AND DATED this 24th day of March, 2017.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Brittany A. Madderra, WSBA #48514
Email: bmadderra@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

INTERVENOR'S MOTION TO UNSEAL SUMMARY
JUDGMENT EXHIBITS - 11
CASE NO. 2:12-CV-01406-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Leslie A. Brueckner, *Pro Hac Vice Forthcoming*
Email: lbrueckner@publicjustice.net
PUBLIC JUSTICE
555 12th Street, Suite 1230
Oakland, California 94607
Telephone: (510) 622-8205

*Attorneys for Intervenor*
*The Washington Wage Claim Project*

INTERVENOR'S MOTION TO UNSEAL SUMMARY
JUDGMENT EXHIBITS - 12
CASE NO. 2:12-CV-01406-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on March 24, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Bruce Lee Brown, WSBA #18844
> Email: brown.bruce.l@dol.gov
> Jeremiah Miller, WSBA #40949
> Email: miller.jeremiah@dol.gov
> UNITED STATES DEPARTMENT OF LABOR
> OFFICE OF THE SOLICITOR
> 300 Fifth Avenue, Suite 1120
> Seattle, Washington 98104
> Telephone: (206) 757-6762
> Facsimile: (206) 757-6761
>
> Grace A Kim
> Email: Kim.Grace@dol.gov
> UNITED STATES DEPARTMENT OF LABOR (CA)
> 350 S. Figueroa Street, Suite 370
> Los Angeles, California 90071
> Telephone: (213) 894-3850
>
> Niamh E. Doherty
> Email: Doherty.Niamh@dol.gov
> UNITED STATES DEPARTMENT OF LABOR
> 15 New Sudbury Street, Room E375
> Boston, Massachusetts 02203
> Telephone: (617) 565-2510
>
> Joseph M. Lake
> Email: Lake.Joseph@dol.gov
> UNTIED STATES DEPARTMENT OF LABOR
> OFFICE OF THE SOLICITOR
> 90 Seventh Street, Suite 3-700
> San Francisco, California 94103
> Telephone: (415) 625-7740
>
> *Attorneys for Plaintiff*

INTERVENOR'S MOTION TO UNSEAL SUMMARY
JUDGMENT EXHIBITS - 13
CASE NO. 2:12-CV-01406-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

| | |
|---|---|
| 1 | Joel Kelly, *Admitted Pro Hac Vice* |
| | Email: kellyj@jacksonlewis.com |
| 2 | JACKSON LEWIS |
| | 725 S. Figuerora Street, Suite 2500 |
| 3 | Los Angeles, California 90017 |
| | Telephone: (213) 689-0404 |
| 4 | |
| | Megan Burrows Carpenter |
| 5 | Email: megan.carpenter@jacksonlewis.com |
| | Sieu K. Che |
| 6 | Email: sieu.che@jacksonlewis.com |
| 7 | JACKSON LEWIS |
| | 520 Pike Street, Suite 2300 |
| 8 | Seattle, Washington 98101 |
| 9 | |
| | *Attorneys for Defendant DirecTV LLC* |
| 10 | |
| | Ramon Martinez |
| 11 | 1235 NE 89th Street |
| | Seattle, Washington 98115 |
| 12 | |
| 13 | *Pro Se Defendant* |
| | |
| 14 | Lantern Light Corporation |
| | c/o Ramon Martinez |
| 15 | 1235 NE 89th Street |
| | Seattle, Washington 98115 |
| 16 | |
| 17 | *Pro Se Defendant* |

DATED this 24th day of March, 2017.

TERRELL MARSHALL LAW GROUP PLLC

By:   /s/ Beth E. Terrell, WSBA #26759
    Beth E. Terrell, WSBA #26759
    Email: bterrell@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

*Attorneys for Intervenor*
*The Washington Wage Claim Project*

INTERVENOR'S MOTION TO UNSEAL SUMMARY JUDGMENT EXHIBITS - 14
CASE NO. 2:12-CV-01406-RSM

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com