THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>vs.<br><br>LANTERN LIGHT CORPORATION, d/b/a ADVANCED INFORMATION SYSTEMS, a corporation; DIRECTV LLC, a limited liability company; and RAMON MARTINEZ, an individual,<br><br>Defendants. | No. 2:12-CV-01406-RSM<br><br>**DECLARATION OF MARC MASTIN IN SUPPORT OF DIRECTV'S OPPOSITION TO INTERVENOR'S MOTION TO UNSEAL SUMMARY JUDGMENT EXHIBITS**<br><br>Note On Motion Calendar: MAY 5, 2017 |

DECLARATION OF
ISO DIRECTV'S OPPOSITION TO
INTERVENOR'S MOTION TO UNSEAL
SUMMARY JUDGMENT EXHIBITS
Case No. 2:12-CV-01406-RSM

PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, California 92121
TEL: (858) 458-3000 ♦ FAX: (858) 458-3005

I, Marc. S. Mastin, declare:

1. I am the Director, Network Services (Washington, Oregon, Hawaii) for DIRECTV LLC ("DIRECTV"), a defendant in this action. I make this declaration in support of both DIRECTV's Opposition to Motion to Intervene by the Washington Wage Claim Project and DIRECTV's Opposition to Intervenor's Motion to Unseal Summary Judgment Exhibits.

2. I began working for DIRECTV in 2011 as a Site Manager in Lynnwood, Washington. In December of 2012, I was promoted to the role of Regional Director Operations (Washington). In October of 2014, I transitioned to the role of Regional Director Operations (Northern California). In July of 2016, I was promoted to the role of Director Network Services (Washington, Oregon, Hawaii). In this role, I help oversee DIRECTV operations, including in Washington, and I frequently partner with members of other teams at headquarters and field managers. I have personal knowledge of the facts set forth below based on my employment experience at DIRECTV or based on a reasonably diligent inquiry.

3. I have reviewed the document that is attached as <u>Exhibit B</u> to the Declaration of Joseph Lake for Plaintiff's Motion for Partial Summary Judgment (the "Lake Declaration"), and I understand its content. Based on my review, Exhibit B is a copy of a fully-executed DIRECTV Services Provider Agreement with Lumin, Inc. This agreement contains the then-existing terms and conditions of DIRECTV's engagement with Lumin, Inc. to install, service and maintain DIRECTV's satellite systems. The page that is Bates Stamped DTV000321 displays the rates that DIRECTV pays or paid Lumin, Inc. for its services under the agreement. Similarly, the First Amendment to the Service Provider Agreement, which incorporates the pages that are Bates Stamped DTV000322 through DTV000324, displays the rates that DIRECTV and Lumin, Inc. later agreed to. Significantly, DIRECTV negotiates and pays different rates to various of its service providers, like Lumin, Inc., and this financial information is not shared with other service providers or with DIRECTV's competitors. If the contents of this agreement were made

DECLARATION OF
ISO DIRECTV'S OPPOSITION TO
INTERVENOR'S MOTION TO UNSEAL    -1-
SUMMARY JUDGMENT EXHIBITS
Case No. 2:12-CV-01406-RSM

PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, California 92121
TEL: (858) 458-3000 ♦ FAX: (858) 458-3005

publicly accessible, including through a filing of the above-referenced pages of this exhibit on this Court's public docket, DIRECTV would face an unfair competitive disadvantage. Existing and prospective service providers could use this information to their advantage in future negotiations with DIRECTV, and competitors could use this information in competing with DIRECTV for contract engagements with the same service providers.

4. I have reviewed the document that is attached as <u>Exhibit E</u> to the Lake Declaration, and I am familiar with its content. This document is an inside Company email authored and sent by a DIRECTV Regional Director. Based on my review, this email discusses strategic considerations for DIRECTV associated with the potential acquisition of a DIRECTV service provider by a third-party. The communication reveals the Regional Director's assessment of the impact that the potential transaction could have on DIRECTV's business operations. If the contents of this email were made publicly accessible, including through a filing of this email on this Court's public docket, DIRECTV would face an unfair competitive disadvantage in that DIRECTV's competitors would learn DIRECTV's internal assessment of how similar corporate transactions impact DIRECTV's business operations.

5. I have reviewed the document that is attached as <u>Exhibit J</u> to the Lake Declaration, and I am familiar with its content. This document is an inside Company email authored and sent by a DIRECTV Regional Director. Based on my review, this email discusses how DIRECTV measures customer service and further reveals DIRECTV's internal assessment of how contractor reporting time impacts customer satisfaction. DIRECTV has made considerable investments in being able to effectively measure customer satisfaction. If the contents of this email were made publicly accessible, including through a filing of this email on this Court's public docket, DIRECTV would face an unfair competitive disadvantage in that its internal analysis and business processes would be available to DIRECTV's competitors.

DECLARATION OF
ISO DIRECTV'S OPPOSITION TO
INTERVENOR'S MOTION TO UNSEAL          -2-
SUMMARY JUDGMENT EXHIBITS
Case No. 2:12-CV-01406-RSM

PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, California 92121
TEL: (858) 458-3000 ♦ FAX: (858) 458-3005

6. I have reviewed the document that is attached as <u>Exhibit R</u> to the Lake Declaration, and I understand its content. This document consists of an Excel spreadsheet with data compilations pertaining to the manner in which DIRECTV measures productivity. DIRECTV has made considerable investments in being able to effectively measure productivity. If the contents of this spreadsheet were made publicly accessible, including through a filing of this spreadsheet on this Court's public docket, DIRECTV would face an unfair competitive disadvantage in that its internal processes and analysis would be available to DIRECTV's competitors.

7. I have reviewed the document that is attached as <u>Exhibit S</u> to the Lake Declaration, and I am familiar with its content. This document is an inside Company email authored and sent by DIRECTV's Regional Director discussing the metrics by which DIRECTV measures performance, including a revelation of the specific performance target DIRECTV has established. If the contents of this email were made publicly accessible, including through a filing of this email on this Court's public docket, DIRECTV would face an unfair competitive disadvantage in that its internal processes and analysis would be available to DIRECTV's competitors.

8. I have reviewed the document that is attached as <u>Exhibit Y</u> to the Lake Declaration, and I am familiar with its content. This document is an inside Company email authored and sent by a DIRECTV Regional Director discussing a performance rating for a particular metric that DIRECTV measures in evaluating contractor performance. If the contents of this email were made publicly accessible, including through a filing of this email on this Court's public docket, DIRECTV would face an unfair competitive disadvantage in that its procedures for evaluating contractor performance would be available to DIRECTV's competitors.

9. I have reviewed the document that is attached as <u>Exhibit AA</u> to the Lake Declaration, and I am familiar with its content. This document is an inside Company email authored and sent by a DIRECTV Regional Director discussing customer satisfaction performance ratings of various contractors, including a revelation of the

DECLARATION OF
ISO DIRECTV'S OPPOSITION TO
INTERVENOR'S MOTION TO UNSEAL     -3-
SUMMARY JUDGMENT EXHIBITS
Case No. 2:12-CV-01406-RSM

PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, California 92121
TEL: (858) 458-3000 ♦ FAX: (858) 458-3005

specific performance target rating DIRECTV has established. DIRECTV has made considerable investments in being able to effectively measure customer satisfaction. If the contents of this email were made publicly accessible, including through a filing of this email on this Court's public docket, DIRECTV would face an unfair competitive disadvantage in that its internal processes and analysis would be available to DIRECTV's competitors.

10. I have reviewed the document that is attached as <u>Exhibit CC</u> to the Lake Declaration, and I am familiar with its content. This document is an email authored and sent by a DIRECTV Regional Director discussing the quality of services provided under contract by a service provider technician. If the entirety of the contents of this email were made publicly accessible, including through a filing of this email on this Court's public docket, it would reveal the identity of the technician at issue. Upon careful review of this document, and without waiving its opposition to Intervenor's Motion to Intervene and Motion to Unseal, if any portion of this email were to be unsealed and publicly-displayed, DIRECTV does not object to filing a redacted version of this document which removes sensitive identification information regarding the individual technician.

11. I have reviewed the document that is attached as <u>Exhibit DD</u> to the Lake Declaration, and I am familiar with its content. This document is an email authored and sent by a DIRECTV Regional Director discussing the quality of services provided under contract by a service provider technician. If the entirety of the contents of this email were made publicly accessible, including through a filing of this email on this Court's public docket, it would reveal the identity of the technician at issue. Upon careful review of this document, and without waiving its opposition to Intervenor's Motion to Intervene and Motion to Unseal, if any portion of this email were to be unsealed and publicly-displayed, DIRECTV does not object to filing a redacted version of this document which removes sensitive identification information regarding the individual technician.

DECLARATION OF
ISO DIRECTV'S OPPOSITION TO
INTERVENOR'S MOTION TO UNSEAL         -4-
SUMMARY JUDGMENT EXHIBITS
Case No. 2:12-CV-01406-RSM

PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, California 92121
TEL: (858) 458-3000 ♦ FAX: (858) 458-3005

12. I have reviewed the document that is attached as <u>Exhibit EE</u> to the Lake Declaration, and I am familiar with its content. This document is an inside Company email authored and sent by a DIRECTV Operations Manager discussing supply chain logistics issues with the delivery of parts. If the contents of this email were made publicly accessible, including through a filing of this email on the this Court's public docket, DIRECTV would face an unfair compensative disadvantage in that matters related to its supply chain would be available to DIRECTV's competitors.

13. I have reviewed the document that is attached as <u>Exhibit A</u> to the Declaration of Steven Crawford in Support of DIRECTV's Motion for Summary Judgment (the "Crawford Declaration"), and I am familiar with its content. This document is a duplicate of the DIRECTV Services Provider Agreement with Lumin, Inc. that is also attached as <u>Exhibit B</u> to the Lake Declaration, discussed in Paragraph 3 above. The same reasons that I describe in Paragraph 3 regarding why such document should not be made publicly accessible apply just as equally to this agreement as attached to the Crawford Declaration.

14. I have reviewed the document that is attached as <u>Exhibit B</u> to the Crawford Declaration, and I am familiar with its content. This document is a duplicate of the amendment to DIRECTV's Services Provider Agreement with Lumin, Inc. that included in <u>Exhibit B</u> to the Lake Declaration, discussed in Paragraph 3 above, at the pages with the Bates numbers of DTV000322 through DTV000324. The same reasons that I describe in Paragraph 3 regarding why such document should not be made publicly accessible apply just as equally to this amendment as attached to the Crawford Declaration.

15. I have reviewed the document that is attached as <u>Exhibit C</u> to the Declaration of Jeremiah Miller filed in connection with Plaintiff's Reply in Support of Motion for Partial Summary Judgment (the "Miller Declaration"), and I am familiar with its content – including that this document is a partial duplicate of the document attached as Exhibit E to the Lake Declaration, as discussed in Paragraph 4, above. This document

DECLARATION OF
ISO DIRECTV'S OPPOSITION TO
INTERVENOR'S MOTION TO UNSEAL
SUMMARY JUDGMENT EXHIBITS
Case No. 2:12-CV-01406-RSM

-5-

PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, California 92121
TEL: (858) 458-3000 ♦ FAX: (858) 458-3005

is an inside Company email authored and sent by a DIRECTV Regional Director. This email discusses strategic considerations for DIRECTV associated with the potential acquisition of a DIRECTV service provider by a third-party. The communication reveals the Regional Director's assessment of the potential transaction on DIRECTV's business operations. If the contents of this email were made publicly accessible, including through a filing of this document on this Court's public docket, DIRECTV would face an unfair compensative disadvantage in that DIRECTV's competitors would have access to DIRECTV's internal assessment of how similar corporate transactions impact DIRECTV's business operations.

16. Because competitors and service providers could use the information contained within the documents discussed in Paragraphs 3 through 15 above to DIRECTV's disadvantage, DIRECTV takes numerous steps to ensure the safeguarding and confidentiality of such information and documents from being publicly accessible and known. For example, as for the service provider agreements discussed above in Paragraphs 3, 13 and 14, DIRECTV only makes them, and the information contained in them, available internally to DIRECTV and externally only as to those service providers that execute DIRECTV's confidentiality/non-disclosure agreement.

Moreover, DIRECTV designated the documents discussed in Paragraphs 3 through 15, above, as "CONFIDENTIAL" pursuant to and in reliance on this Court's December 4, 2014 Protective Order Entered Pursuant to the Parties' Stipulation, before DIRECTV then produced such documents in the course of discovery years ago before this litigation was ordered as closed in October, 2015.

DECLARATION OF
ISO DIRECTV'S OPPOSITION TO
INTERVENOR'S MOTION TO UNSEAL         -6-
SUMMARY JUDGMENT EXHIBITS
Case No. 2:12-CV-01406-RSM

PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, California 92121
TEL: (858) 458-3000 ♦ FAX: (858) 458-3005

1  I declare under penalty of perjury under the law of the United States of America
2  and the State of ___WA___ that the foregoing is true and correct.
3  Executed on April 26, 2017, at ___LYNNWOOD___, ___WA___.

/s/
Marc S. Mastin

DECLARATION OF
ISO DIRECTV'S OPPOSITION TO
INTERVENOR'S MOTION TO UNSEAL           -7-
SUMMARY JUDGMENT EXHIBITS
Case No. 2:12-CV-01406-RSM

PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, California 92121
TEL: (858) 458-3000 ♦ FAX: (858) 458-3005