UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS PEREZ, Secretary of Labor, United States Department of Labor, | CASE NO. C12-1406RSM |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO UNSEAL DOCUMENTS |
| LANTERN LIGHT CORPORATION d/b/a Advanced Information Systems, a corporation; DIRECTV LLC, a limited liability company; and RAMON MARTINEZ, an individual, | |
| Defendants. | |

## I. INTRODUCTION

THIS MATTER comes before the Court on The Washington Wage Claim Project's ("WWCP" or "Intervenor") motion to unseal documents. Dkt. #172. WWCP is a "public interest organization dedicated to representing low-wage workers who have suffered wage and hour violations." Dkt. #172. Although this case has been closed since October of 2015, the Court recently allowed WWCP to intervene in this matter pursuant to Local Civil Rule 5(g)(8) for the sole purpose of making a motion to unseal records. See Dkt. #185. Defendant DirecTV opposes the motion in part, acknowledging that several of the documents sought to be unsealed may be unsealed or filed in redacted form, but also arguing that many of the

ORDER
PAGE - 1

documents should remain sealed because they contain confidential and proprietary information. Dkt. #183. For the reasons set forth herein, the Court now GRANTS the motion to unseal records.

## II. BACKGROUND

DirecTV provides subscription direct broadcast satellite television service to customers nationwide and throughout Washington State. Dkts. #129 at ¶ 1 and #127, Ex. 1 at 32:13-23. A DirecTV subscription requires the installation and activation of the DirecTV satellite dish affixed to the customer's home or office, and a DirecTV box connected to the television. In geographical regions where DirecTV does not provide DirecTV "owned and operated" installation services, it sub-contracts all installation work to Home Service Providers ("HSPs"). Dkt. #129 at ¶ 2. The now-bankrupt AIS was an independent specialty contractor of satellite installation and activation services organized under the laws of Washington. Dkts. #130 at ¶ 19 (*filed under seal*) and #7 at ¶ 5(a). In 2011, AIS contracted to provide satellite installation and upgrade services exclusively for DirecTV upon assuming the 2009 "Service Provider Agreement" between DirecTV and prior installer Lumin, Inc. Dkt. #129 at ¶ 3 and Ex. 1. Installer-technicians employed and trained by AIS installed DirecTV's proprietary satellite systems exclusively for DirecTV customers in Western Washington. Dkts. #127, Ex. 3 at 50:5-10 and #129 at ¶ 25.

AIS Installers were paid biweekly for completed work orders as "piece work," based on a fixed percentage of the corresponding task-based "piece rates" paid by DirecTV to AIS. Dkt. #127, Ex. 3 at 94:17-24 and 98:7-12 and Ex. 4 at 29:11-16. Depending on the workload, AIS Installers were scheduled for 10-hour shifts, shifts ending at 8:00 p.m., and six-day work weeks. Dkt. #122, Ex. K at 55:22-57:15 and Ex. L (*filed under seal*).

On August 20, 2012, the United States Secretary of Labor brought this case on behalf of 82 Installers formerly employed by AIS. Dkts. #1 and #31. Plaintiff alleged that Defendants AIS, DirecTV and Ramon Martinez violated the FLSA by repeatedly paying employees less than the federal minimum wage; failing to pay employees who worked in excess of 40 hours per week at a rate of one-and-a-half times the regular rate at which they were employed; and failing to keep and preserve accurate records of employees and the wages, hours and other conditions of employment maintained by them, since at least August 21, 2009. Dkt. #31. Plaintiff also asserted that AIS and Mr. Martinez were liable under the FLSA as employers of the aforementioned Satellite Installation Technicians. *Id.* Plaintiff further alleged that DirecTV was a joint employer of AIS's employees and was therefore also liable under the FLSA. *Id.*

In March of 2015, the parties filed Cross-Motions for Partial Summary Judgment, seeking a determination as to whether DirecTV was a joint employer for purposes of the FLSA. Dkts. #121 and #126. At the same time, the parties also filed a Stipulated Motion to Seal certain exhibits containing proprietary information that "derive[d] independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use." Dkt. #115. The Court granted the motion and 21 exhibits were filed under seal. Dkts. #116-120, #130, #131, #133, #143, #144, #147 and #148.[1] The Court ultimately granted summary judgment in favor of Plaintiff, finding that DirecTV was a joint employer for purposes of the FLSA. Dkt. #158.

---

[1] Documents contained at Dkts. #143 and #144 appear to be duplicate copies of the documents contained at Dkts. #130 and #131.

ORDER
PAGE - 3

Shortly thereafter, the parties engaged in settlement discussions and resolved the case. Dkts. #159-#162. The Court entered consent judgments against the Defendants and this matter was closed on October 15, 2015. Dkts. #165 and #167.

Nearly two years later, WWCP has now intervened for the sole purpose of moving to unseal the sealed exhibits presented on the cross-motions for summary judgment, on the bases that this Court violated the public's presumptive right to access to these records and that "there is a strong public interest in exposing the sealed exhibits to the light of day." Dkt. #172.

### III. DISCUSSION

**A. Legal Standard**

The Ninth Circuit Court of Appeals has long emphasized that the public has a "'general right to inspect and copy public records and documents, including judicial records and documents.'" *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig. v. Allianz Life Ins. Co. of N. Am.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978) (footnote omitted)). This right extends to pretrial documents filed in civil cases. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1102 (9th Cir. 1999).

Although the common law right of access is not absolute, this Court begins with the premise that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). A party, therefore, must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). When ruling on a motion to seal or unseal court records, the district court must balance the competing interests of the public and the party seeking to seal or

unseal such records. *Kamakana*, 447 F.3d at 1179. To seal the records, the district court must articulate a factual basis for each compelling reason to seal. *Id.* Compelling reasons must continue to exist to keep judicial records sealed. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

**B. Agreed Exhibits**

As an initial matter, Defendant does not object to the unsealing of Exhibits H, L, M, P, Z, FF and GG to the Declaration of Joseph Lake filed in support of Plaintiff's Motion for Partial Summary Judgment, and Exhibit B to the Declaration of Jeremiah Miller filed in support of the Reply in Support of Summary Judgment. Dkts. #117-#120 and #147. Accordingly, the Court will grant Intervenor's motion to unseal those documents.

In addition, Defendant does not object to filing publically-accessible, redacted versions of Exhibits CC and DD to the Declaration of Joseph Lake (Dkt. #120) filed in support of Plaintiff's Motion for Partial Summary Judgment, redacting only the identifying information as to the individual technician who is the subject of each exhibit. Dkt. #183 at 3. Plaintiff agrees that such redactions are appropriate. Dkt. #187 at 3-4. Accordingly, the Court will direct Defendant to publically file redacted versions of these documents.

**C. Exhibits A and B to the Declaration of Steven Crawford and Exhibit B to the Declaration of Joseph Lake**

Intervenor next seeks to unseal a copy of the Services Provider Contract between DirecTV and Lumin, Inc., dated August 9, 2009, which was filed as Exhibit B to the Declaration of Joseph Lake filed in support of Plaintiff's Motion for Partial Summary Judgment and as Exhibit A to the Declaration of Steven Crawford filed in support of Defendant's Cross-Motion for Partial Summary Judgment. Dkts. #116, #130 and #143. Defendant argues that this document contains sensitive pricing information that would put

DirecTV at a competitive disadvantage. Dkt. #183 at 3, fns. 1 and 2. Thus, Defendant proposes publically filing redacted versions of this documents, where only the sensitive pricing information is redacted. *Id.* Intervenor argues that there is no justification for sealing this document because the issue of what installers were paid, the manner in which they were paid, and by whom, are all central to whether DirecTV was a joint employer under the FLSA. Dkt. #186 at 5. The Court has reviewed the document in question, and will unseal the exhibit for the following reasons.

With respect to the pages of Defendant's Services Agreement with Lumin that have been marked as "proprietary," pages 8 and 9 of the Agreement contain several paragraphs, including "Other Products," "Default and Remedies," "Conformance to All Laws," "Taxes," "Insurance," "Amendment" and "Assignment." Dkt. #116 at 9-10.[2] It is not clear that any of these paragraphs contain proprietary information. Indeed, the majority of these paragraphs contain general terms common to services contracts of all types. Moreover, Defendant provides no specific information as to why the public filing of these terms would put it at a competitive disadvantage, particularly when these pages are identical (with the exception of the name of the service provider) to a contract that was already publically-filed in support of Plaintiff's Motion for Summary Judgment in this case. *See* Dkt. #125, Ex. II at 8-9. Likewise, pages 13, 14, 24, 33, and 35-37, all of which have been marked as "proprietary," are identical (with the exception of the name of the service provider) to those in the same publically-filed contract. *See* Dkt. #125, Ex. II. Finally, pages 2 and 3 of the First Amendment to the Services Agreement, have been marked as "proprietary." Dkt. #116 at 42-43. However, these pages

---

[2] For ease of reference, the Court cites to only one copy of this document, which was filed in three separate places on the docket, and to the page numbers appearing in the header of the document rather than the page numbers appearing on the bottom of the exhibit.

ORDER
PAGE - 6

contain the same information as the contract that was already publically-filed in support of Plaintiff's Motion for Summary Judgment in this case. *See* Dkt. #125, Ex. II.

The remaining information in this exhibit marked as "proprietary," is contained in an Addendum to the Agreement marked as a "Rate Card (Tier 10) Effective July 4th, 2009." Dkt. #116 at 40. Defendant does not explain how these now eight-year-old rates would put them at a competitive disadvantage. Because Defendant presents no specific argument with respect to these stale rates, the Court cannot conclude that there is a compelling reason to keep the information under seal.

Likewise, Exhibit B to the Declaration of Steven Crawford, which is a duplicate copy of the Addendum to the Lumin Services Agreement, should be unsealed for the same reasons discussed above. *See* Dkts. #131 and #144. Accordingly, the Court will unseal the Services Agreement with Lumin and the Addendum thereto in their entirety at each place they appear in the record. Dkts. #116, #130, #131, #143 and #144.

**D. Exhibit R to the Declaration of Joseph Lake**

Intervenor next asks the Court to unseal Exhibit R to the Declaration of Joseph Lake filed in Support of Plaintiff's Motion for Partial Summary Judgment. Dkt. #119. This exhibit is an Excel spreadsheet with data compilations pertaining to productivity. Dkt. #184 at ¶ 6. Defendant argues that if the contents of this exhibit were made public, it would face an unfair competitive disadvantage in that its internal processes and analysis would be available to its competitors. *Id.*

The exhibit at issue contains data for the time period between June 2012 and May 2013 for a particular tech team. Dkt. #119 at 5-15. It includes a specific Tech ID, then a list of categories of data, and then a numerical percentage for each category by month. *Id.* The Court

ORDER
PAGE - 7

agrees with Intervenor that Defendant has failed to make a particularized showing of harm if this information were to be made public at this time. Indeed, the document itself does not reveal how the percentages for each category of data were calculated, what each category includes, or how this now five-year-old data could be used by a competitor to put Defendant at a competitive disadvantage. This Court has previously explained that documents should not be sealed where a plaintiff has not made a "particularized showing" that a "specific prejudice or harm" will result if the information is disclosed. *Robbins Co. v. JCM Northlink LLC*, 2016 U.S. Dist. LEXIS 105137, *3 (W.D. Wash. Aug. 9, 2016) (citing to *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1186 (9th Cir. 2006)). "An unsupported assertion of unfair advantage to competitors without explaining how a competitor would use th[e] information to obtain an unfair advantage is insufficient." *Hodges v. Apple, Inc.*, 2013 U.S. Dist. LEXIS 164674, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) (internal quotation marks omitted). Accordingly, the Court will unseal this document.

**E. Exhibits E, J, S, Y, AA and EE to the Declaration of Joseph Lake**

Intervenor next asks the Court to unseal Exhibits E, J, S, Y, AA and EE to the Declaration of Joseph Lake filed in support of Plaintiff's Motion for Summary Judgment. Dkts. #117, #119 and #120. These exhibits contain various email exchanges between Defendant's managers/directors and others. *Id.* Defendant objects to the unsealing of these emails on the basis that making the emails public would put it at an unfair competitive disadvantage because its competitors would have access to internal assessments, processes and analyses. Dkt. #184 at ¶¶ 4, 5, 7, 8, 9 and 12.

The Court has reviewed the documents at issue and agrees that they should be unsealed. First, it is not clear what, if any, of the information contained in each email is considered to be

proprietary or confidential. Indeed, Exhibits J, S, Y and AA are specifically directed complaints to the former owner of now-defunct AIS. Dkts. #117, #119 and #120. While those emails reference certain data and matrices, the content does not discuss the data compilation formulas or processes themselves. Moreover, Defendant has failed to state a particularized harm that would occur if a competitor was to receive such information or how a competitor could even use now three-year-old information targeted at a specific subcontractor to an unfair competitive advantage.

Likewise, Defendant has failed to state a particularized harm that would occur if a competitor was to receive the information contained in Exhibits E and EE. Exhibit EE is a single page email essentially stating a list of equipment needed by AIS to complete pending jobs, and Exhibit E is a brief discussion regarding the acquisition of AIS by another company that wanted to assume the AIS contract with DirecTV. Defendant has not made clear how a competitor could even use such information to an unfair competitive advantage.

Accordingly, Exhibits E, J, S, Y, AA and EE (Dkts. #117, #119 and #120) will be unsealed in their entirety. *See Robbins* and *Hodges*, *supra.*

**F. Exhibit C to the Declaration of Jeremiah Miller**

Finally, Intervenor moves to unseal Exhibit C to the Declaration of Jeremiah Miller filed in support of Plaintiff's Reply in Support of Motion for Partial Summary Judgment. Dkt. #148. This document is a partial duplicate of Exhibit E to the Declaration of Joseph Lake with additional email responses. *Id.* Nothing in those responses affects the Court's prior analysis of this document. Accordingly, for the reasons discussed above pertaining to Exhibit E to the Declaration of Joseph Lake, this document will also be unsealed.

## IV. CONCLUSION

Having reviewed Intervenor's Motion to Unseal Records, the Opposition thereto and Reply in Support thereof, along with the Declarations and Exhibits, and the remainder of the record, the Court does hereby find and ORDER:

1. Intervenor's Motion to Unseal (Dkt. #172) is GRANTED.

2. The Clerk SHALL immediately UNSEAL the following documents:

    a. Exhibits B, E, H, J, L, M, P, R, S, Y, Z, to the Declaration of Joseph Lake filed in support of Plaintiff's Motion for Partial Summary Judgment (posted at Dkts. #116-#119).

    b. Exhibits A and B to the Declaration of Steven Crawford (posted at Dkts. #130, #131, #143, and #144).

    c. Exhibits B and C to the Declaration of Jeremiah Miller (posted at Dkts. #147 and #148).

3. Because of the way Plaintiff filed the other exhibits at issue in this motion on the Court's docket, Exhibits AA, CC, DD, EE, FF and GG (posted at Dkt. #120) shall REMAIN UNDER SEAL. However, **no later than two (2) days from the date of this Order, Plaintiff shall:**

    a. **file public, unredacted copies of Exhibits AA, EE, FF and GG to the Declaration of Joseph Lake in this matter; and**

    b. **file redacted, public versions of Exhibits CC and DD to the Declaration of Joseph Lake.**

4. Intervenor SHALL PROVIDE a copy of this Order to Plaintiff in order to facilitate the filing of the Exhibits noted in paragraph 3.

DATED this 17 day of May, 2017.

                                              RICARDO S. MARTINEZ
                                              CHIEF UNITED STATES DISTRICT JUDGE